Tufte, Justice, concurring.
[¶ 17] I concur in the majority opinion. I write separately because the district court's application of the statutory definition of domestic violence was incorrect and our decision will require the court to re-apply the definition on remand.
[¶ 18] The district court heard evidence about an incident that led to a domestic violence protection order but declined to make a finding in this matter, saying, "I don't need to make another finding because it's already a finding." Ordinarily, issue preclusion would bar relitigation of domestic violence in this matter because that finding was necessary to the result in the protection order case between the same parties. See Riverwood Commercial Park, LLC v. Standard Oil Co. , 2007 ND 36, ¶ 21, 729 N.W.2d 101. However, issue preclusion does not apply here because statutory factor (j) alters that rule by providing that a "court may consider, but is not bound by, a finding of domestic violence in another proceeding." N.D.C.C. § 14-09-06.2(1)(j).
[¶ 19] " 'Domestic violence' includes [1] physical harm, [2] bodily injury, [3] sexual activity compelled by physical force, [4] assault, or [5] the infliction of fear of imminent [i] physical harm, [ii] bodily injury, [iii] sexual activity compelled by physical force, or [iv] assault, not committed in self-defense, on the complaining family or household members ." N.D.C.C. § 14-07.1-01(2) (numbering and emphasis added). Considering a similar situation, we have said it is "far from clear [actions including a suicide attempt] constitute domestic violence under the statute." Ternes v. Ternes , 555 N.W.2d 355, 358 (N.D. 1996). Put simply, a threat to harm oneself is by itself not infliction of fear of physical harm or bodily injury on the complaining family or household members . Here, Brent's suicidal threats were apparently intended to be manipulative toward Jennifer and likely would have supported issuance of a disorderly conduct restraining order providing appropriate protection for Jennifer.
[¶ 20] Both the parties and the district court having taken the prior finding of domestic violence as established, no evidence was presented describing any additional facts that would be a threat of physical harm to Jennifer and thus constitute "domestic violence." If Brent made such a threat to Jennifer during the October 2016 incident, it is not in this record. What is in the record is a statement in Jennifer's affidavit in support of the protection order that the incident was "not the first time [Brent] has threatened me with a gun." No testimony was received as to any threat to Jennifer during the October 2016 incident or any time previously. On remand, the district court must make a finding as to *330 whether Brent inflicted fear of imminent physical harm on Jennifer so that it may determine whether the distinct analysis applicable to "domestic violence" factor (j) applies.
[¶ 21] Because consideration of domestic violence is the dominant best interests factor when it is present, and we are remanding for further proceedings to include findings on the best interests of the children, we should not implicitly ratify the district court's determination that a suicidal threat is domestic violence. The district court may consider Brent's picking up a firearm and threatening to commit suicide in front of Jennifer to be a significant factor in determining what level of parental responsibility is in his children's best interests. But if it was not paired with a threat to Jennifer, it was not "domestic violence," and the suicidal threat would be considered not under factor (j) but under another appropriate factor, such as "mental ... health of the parents, as that health impacts the child." N.D.C.C. § 14-09-06.2(1)(g). If analyzed under another appropriate factor, the district court may give the incident appropriate, and significant, weight without invoking the "dominant" factor (j). See O'Hara v. Schneider , 2017 ND 53, ¶ 21, 890 N.W.2d 831.
[¶ 22] Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen